UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHA RUDDELL BROWN, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:14-cv-00931-JMS-DML |
| | ) | |
| BMW OF NORTH AMERICA, LLC, AND BAY- | ) | |
| ERISCHE MOTOREN WERKE AG, | ) | |
|     *Defendants*. | ) | |

**ORDER**

Plaintiff's Complaint asserts that this Court has diversity jurisdiction over this action. [Filing No. 1, at ECF p. 1.] The Court has an independent obligation to ensure that it possesses jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) (emphasizing that the court has an independent duty to determine whether diversity exists).

Plaintiff alleges that Defendant BMW of North America, LLC ("BMW NA") "is a limited liability company organized under the law of the State of Delaware with its principal place of business in the state of New Jersey doing business in the state of Indiana," and that Defendant Bayerische Motoren Werke AG ("BMW Germany") "is a company organized under the laws [of] the country of Germany with its principal place of business in Munich, Germany." [Filing No. 1, at ECF p. 1.] Neither of these allegations is sufficient to establish that diversity jurisdiction may be exercised over this matter.

First, Plaintiff's allegations regarding BMW NA are irrelevant for the purposes of diversity jurisdiction because BMW NA is a limited liability company; what matters is the citizenship of each of its members. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Moreover, "the citizenship of unincorporated associations must be traced

through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). It is unclear to the Court whether the allegation that "BMW, US is a wholly owned subsidiary of Bayerische Motoren Werke AG (BMW Germany)" indicates that there are no other members of BMW NA.

Second, Plaintiff's allegations regarding BMW Germany are insufficient because the Court must know which American business form a foreign corporation most closely resembles. The Seventh Circuit Court of Appeals has made clear that such information is required to adequately assess whether diversity jurisdiction exists. *See Global Dairy Solutions Pty Ltd. v. Bou-Matic LLC*, 523 Fed. Appx. 421, 422 n.1 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl Invesiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)). Therefore, Plaintiff must properly set forth the citizenship of BMW Germany in conformity with *Global Dairy* and *White Pearl*.

Plaintiff is **ORDERED** to file an Amended Complaint that adequately sets forth the citizenship of both defendants by **June 23, 2014**. The Amended Complaint shall list each member of BMW NA and trace the citizenship of each of its members through however many layers of partners or members there may be, and it must explain what American corporate form BMW Germany most closely resembles and analyze its citizenship according to that form. Defendants should wait until the Amended Complaint is filed to prepare their answer.

06/09/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**