UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSHA RUDDELL BROWN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *vs*. ) | No. 1:14-cv-00931-JMS-DML |
| ) | |
| BMW OF NORTH AMERICA, LLC, ) | |
| BAYERISCHE MOTOREN WERKE AG, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Presently pending before the Court is Defendant Bayerische Motoren Werke AG's ("BMW AG") Motion to Dismiss for Lack of Personal Jurisdiction. [Filing No. 65.] BMW AG seeks to dismiss Marsha Ruddell Brown's Third Amended Complaint for negligence arising from injuries sustained in a motor vehicle accident. [Filing No. 42.] For the reasons stated herein, the Court **GRANTS** BMW AG's Motion to Dismiss. [Filing No. 65.]

### I.
### APPLICABLE LEGAL STANDARD

When a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of showing that personal jurisdiction over the defendant exists." *Claus v. Mize,* 317 F.3d 725, 727 (7th Cir. 2003). When, as here, the Court "rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l. Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002)). Factual disputes, however, are resolved in the plaintiff's favor. *Id.*

"A federal district court's personal jurisdiction over a defendant is established in a diversity-jurisdiction case . . . only so long as the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Northern Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the Due Process Clause. See *LinkAmerica Corp. v. Cox,* 857 N.E.2d 961, 965–66 (Ind. 2006). "Thus, the statutory question merges with the constitutional one—if [Indiana] constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so." *Northern Grain,* 743 F.3d at 492.

"The federal constitutional limits of a court's personal jurisdiction in a diversity case are found in the Fourteenth Amendment's due-process clause." *Id.* "[F]ederal constitutional law draws a sharp and vital distinction between two types of personal jurisdiction: specific or case-linked jurisdiction, and general or all-purpose jurisdiction." *Abelesz v. OTP Bank,* 692 F.3d 638, 654 (7th Cir. 2012). "If the defendant's contacts are so extensive that it is subject to general personal jurisdiction, then it can be sued in the forum state for any cause of action arising in any place. More limited contacts may subject the defendant only to specific personal jurisdiction, in which case the plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010).

## II.
### BACKGROUND

Ms. Brown makes the following allegation in her Complaint:

On September 29, 2012, Ms. Brown's MINI Cooper ("MINI") went off the road into a ditch, rolled over, and landed on the roof. [Filing No. 42 at 4.] She made "injurious contact" with

the roof of the vehicle due to the design of the seat belt, which caused a fracture on her cervical vertebrae and resulted in partial quadriplegia. [Filing No. 42 at 4.] Ms. Brown subsequently filed a claim for negligence against BMW of North America ("BMW NA") and BMW AG. [Filing No. 42.] She alleges that BMW AG designed and manufactured the MINI, and that BMW NA, as the wholly owned subsidiary of BMW AG, imports and distributes motor vehicles and parts for BMW AG in the United States and Indiana. [Filing No. 42 at 2-3.] Ms. Brown alleges that BMW AG bears responsibility as the manufacturer of the MINI, and that a properly designed seat belt system would have prevented Ms. Brown from making contact with the roof. [Filing No. 42 at 4-5.]

In response to the Complaint, BMW AG filed the pending motion to dismiss for lack of personal jurisdiction. [Filing No. 65.] It alleges that it is a corporation organized and existing under the laws of the Federal Republic of Germany. [Filing No. 66 at 8.] BMW AG submitted a declaration from its in-house legal counsel, Jakob Hoelldobler, in which he attests that BMW AG is a separate and independent legal entity from BMW NA, and that BMW NA is an indirect subsidiary of BMW AG. [Filing No. 66-1 at 3.] Further, the declaration states that BMW AG is not incorporated in Indiana, not qualified to do business in Indiana, and has not filed or sought to file Articles of Incorporation or other qualifications to do business in Indiana. [Filing No. 66 at 8.] It asserts that it has no branch office, authorized agent for service of process, or property of any kind in Indiana. [Filing No. 66 at 8.] Lastly, BMW AG claims that it does not specifically advertise toward residents of Indiana, and has made no direct sales to customers in Indiana. [Filing No. 66 at 8.]

In response to the motion, Ms. Brown provides two pieces of evidence, BMW AG's 2014 Financial Statement and BMW AG's 2014 Annual Report. [Filing No. 82 at 4-6; Filing No. 82-1.] She also cites to various BMW websites in her brief to support her allegations. [Filing No.

3

82-2.] Ms. Brown states that in 2014, BMW AG sold more cars in the United States than in Germany, and that such projection is expected to increase by 2015. [Filing No. 82 at 2.] Ms. Brown claims that in its Annual Report, BMW AG recognizes the likelihood of being "involved in actions like this one." [Filing No. 82 at 3; Filing No. 82-2.] Although she claims she cannot determine "the revenue BMW AG earned from its sale of cars and motorcycles in Indiana," Ms. Brown states that she is able to extrapolate the amount that BMW AG earned from the United States. [Filing No. 82 at 4.] She also lists the names and addresses of the BMW dealerships located in Indiana. [Filing No. 82 at 4-5.] Lastly, Ms. Brown claims that the BMW dealerships give their customers the opportunity "to go to Munich, Germany, BMW AG's headquarters, [to] pick up their car and tour Europe for fourteen days," although she further contends that "there is no way of knowing how many customers in Indiana have taken that option . . . ." [Filing 82 at No. 5-6.]

The parties dispute whether the foregoing is sufficient for this Court to exercise personal jurisdiction over BMW AG.

### III.
### DISCUSSION

BMW AG moves to dismiss Ms. Brown's Third Amended Complaint on the basis that it is not subject to this Court's personal jurisdiction. [Filing No. 66 at 5.] BMW AG claims that 1) general jurisdiction does not exist because it is not "at home" in Indiana, [Filing No. 66 at 13], and 2) specific jurisdiction does not exist because BMW AG does not have minimum contacts in Indiana and it did not purposely avail itself of the privileges of conducting activities within Indiana,

[Filing No. 66 at 16].[1]  In response, Ms. Brown does not address whether general or specific jurisdiction exists over BMW AG, and instead argues that this Court has personal jurisdiction pursuant to Indiana Trial Rule 4.4(A)(1) and (3).  [Filing No. 82 at 6-7.]

Because the analysis of general jurisdiction and specific jurisdiction invoke distinct legal principles, the Court will address the parties' arguments in terms of general jurisdiction and specific jurisdiction as BMW AG did.

### A. General Jurisdiction

BMW AG argues that it has no meaningful contacts in Indiana.  [Filing No. 66 at 9.]  It asserts that it is incorporated and maintains its principal place of business in Munich, Germany, and does not operate a place of business in Indiana.  [Filing No. 66 at 9.]  It further argues that it does not maintain an office, conduct business, or sell any of its products in Indiana, and that it is not licensed to do business and does not have a registered agent in Indiana.  [Filing No. 66 at 9-10.]  It claims that BMW NA is an indirect subsidiary of BMW AG, and that both companies are separate legal entities that run separate operations and maintain separate assets.  Because of its business structure, BMW AG contends that the forum contacts of BMW NA cannot be imputed to BMW AG simply because it is a parent corporation.  [Filing No. 66 at 15.]

In response, Ms. Brown does not respond to BMW AG's general jurisdiction arguments, and instead argues that personal jurisdiction exists over BMW AG because of Indiana's long-arm statute, Indiana Trial Rule 4.4(A).  [Filing No. 82 at 7-9.]  Ms. Brown generally alleges that BMW

---

[1] BMW AG raises a third argument, that to exercise personal jurisdiction over BMW AG would be unreasonable and would offend the traditional notions of fair play and substantial justice. [Filing No. 66 at 19.] However, the Court need not address this issue since, as will be discussed, it finds that neither general jurisdiction nor specific jurisdiction exists over BMW AG.

AG is connected to various BMW dealerships in Indiana because of the revenue that it makes from selling those vehicles in Indiana. [Filing No. 82 at 2-4.]

In reply, BMW AG reiterates many of its arguments and states that Ms. Brown has not demonstrated a *prima facie* case of personal jurisdiction. [Filing No. 85 at 1.] BMW AG argues that Ms. Brown makes no attempt to respond to its general jurisdiction arguments and that she conflates the law of general and specific jurisdiction. [Filing No. 85 at 2.] Moreover, BMW AG reiterates that Mr. Hoelldobler's declaration demonstrates that no general jurisdiction exists because it is not "at home" in Indiana and has no meaningful contacts with Indiana. [Filing No. 85 at 2.] Lastly, BMW AG argues that Ms. Brown makes no attempt to rebut any of BMW AG's arguments, and has not pled or offered an alter ego theory to tie BMW AG with the BMW dealerships in Indiana. [Filing No. 85 at 3.]

Unlike specific jurisdiction, general jurisdiction permits a defendant to be sued in the forum state regardless of the subject matter of the litigation. *Purdue,* 338 F.3d at 787. "General jurisdiction is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum" that it would be "fundamentally fair to require it to answer in [that forum] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (original emphasis) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Defendant's "affiliations with the state [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (*citing Int'l. Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement,* 326 U.S. 310, 317 (1945)). The general jurisdiction standard is rigorous because "the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong,

committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID*, 623 F.3d at 426.

BMW AG argues that it is a separate entity from BMW NA, and that it maintains no contacts in Indiana. In turn, Ms. Brown does not respond to BMW AG's argument that no general jurisdiction exists. Rather, she relies on Indiana's long-arm statute to argue that personal jurisdiction exists over BMW AG and then cites to case law that discusses both specific jurisdiction and general jurisdiction, but makes no effort to argue which legal principle applies. The difference between specific and general jurisdiction is material since "the constitutional requirement for general jurisdiction is 'considerably more stringent' than that required for specific jurisdiction." *Purdue*, 338 F.3d at 787 (citations omitted). Specific jurisdiction, at the very least, focuses on whether the party has some minimum contacts with the state related to the litigation, whereas general jurisdiction focuses on whether the party has continuous and systematic contacts to render it essentially at home.

To the extent that Ms. Brown argues that general jurisdiction exists over BMW AG, the Court finds that no proper basis exists. First, Ms. Brown fails to present sufficient evidence or arguments as to how BMW AG maintains the level of contact with Indiana to support a conclusion that it can be considered "at home" here. She makes no attempt to overcome the presumption that exercising personal jurisdiction over a parent company for the actions of its subsidiaries violates due process. *See LinkAmerica,* 857 N.E.2d at 968 (discussing that a parent and a subsidiary are independent entities and that clear evidence must be presented to overcome the presumption that exercising jurisdiction over the parent company violates due process); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ("Where

7

two corporations are in fact separate, permitting the activities of the subsidiary to be used as a basis for personal jurisdiction over the parent violates this principle and thus due process.").

Second, Ms. Brown merely assumes that BMW AG is somehow connected with the BMW dealerships in Indiana, and that "it knew with absolute certainty that automobiles and motorcycles it designed and manufactured would wind up in Indiana." [Filing No. 82 at 10.] She wholly fails to present an evidentiary link either to connect BMW NA to any of the BMW dealerships in Indiana, or to support the foregoing assertion of "certain knowledge" by BMW AG. Even if such allegation were true, such a "stream of commerce" argument is insufficient to assert general jurisdiction over a foreign corporation. *See Goodyear*, 131 S. Ct. 2846, 2851 (2011) (holding that tires made by the parent company's foreign subsidiaries and placed into the stream of commerce was a "connection so limited between the forum and the foreign corporation" that it was "an inadequate basis for the exercise of general jurisdiction"). Accordingly, the Court concludes that no general jurisdiction exists over BMW AG.

### B. Specific Jurisdiction

BMW AG argues that specific jurisdiction does not exist because it does not have any "jurisdictionally relevant contacts with Indiana," and that it did not purposely avail itself of any privilege or benefit associated with Indiana. [Filing No. 66 at 16.] BMW AG claims that Mr. Hoelldobler's declaration demonstrates that BMW AG does not regularly do or solicit business in Indiana, engage in any other persistent course of conduct in Indiana, or derive a substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in Indiana. [Filing No. 66 at 17.] It further argues that Ms. Brown cannot establish that BMW AG purposely availed itself of the privilege of doing business in Indiana because BMW AG does not do business or engage in a persistent course of conduct in Indiana. [Filing No. 66 at 19.] The only connection Ms. Brown

has made, BMW AG claims, is that BMW AG manufactured vehicles that were eventually sold in the United States by dealers that are independently owned businesses. [Filing No. 66 at 19.]

Ms. Brown's response, again, does not focus on whether specific jurisdiction exists. She argues that the Court has personal jurisdiction over BMW AG because she was injured in Indiana from a design defect from a vehicle manufactured by BMW AG, a business located outside of Indiana that derives substantial revenue from goods consumed in Indiana. [Filing No. 82 at 7-8.] She argues that "BMW AG knew with absolute certainty that automobiles and motorcycles it designed and manufactured would wind up in Indiana." [Filing No. 82 at 10.] Ms. Brown further claims that it is "safe to say several hundred BMW vehicles make it to Indiana and several million dollars make it from Indiana to BMW AG's coffers in Munich," because Indiana has five BMW dealerships, one motorcycle dealership, and one MINI dealership. [Filing No. 82 at 10-11.] Lastly, Ms. Brown asserts that each BMW dealership offers customers the option to go to Germany to pick up their purchased vehicle, which shows "active involvement of BMW AG in the sale of cars in Indiana." [Filing No. 82 at 11.]

In reply, BMW AG reiterates many of its arguments and claims that Ms. Brown has failed to demonstrate a *prima facie* case of personal jurisdiction. [Filing No. 85 at 1.] BMW AG argues that Ms. Brown presents no evidence that BMW AG has sold any products to the Indiana dealership where she purchased her vehicle and does not assert that the dealership is owned by BMW AG. [Filing No. 85 at 4.] BMW AG points out that it does not sell products directly to Indiana or to any of its dealerships, but that it sells vehicles to its distributor, BMW NA, which in turn, sells those vehicles to independent dealerships across North America. [Filing No. 85 at 4.] It also argues that personal jurisdiction does not exist simply because Indiana customers may purchase a BMW vehicle by planning a trip to Germany through its website. [Filing No. 85 at 4-

9

5.] BMW AG also argues that the evidence fails to show that there is "something more" than simply placing a product into the stream of commerce with a mere suspicion that it might end up in Indiana. [Filing No. 85 at 5-7.] Moreover, BMW AG claims that Ms. Brown has not proffered any evidence to demonstrate that BMW AG has sufficient contacts to establish specific jurisdiction. [Filing No. 85 at 7-8.]

For the Court to exercise specific jurisdiction, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there. *Int'l. Shoe,* 326 U.S. at 319 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75 (1985)). Due process is satisfied so long as the defendant had "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800-01 (7th Cir. 2014). The relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. *Id.* (citations omitted). However, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* Thus, the relation between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum . . . ." *Id.* (original emphasis).

On the basis of the record before it, the Court cannot conclude that specific jurisdiction exists. First, Ms. Brown does not specifically assert that BMW AG has sufficient minimum contacts in Indiana or that it purposely availed itself of the benefits of Indiana. Rather, Ms. Brown merely cites to Indiana Trial Rule 4.4(A)(1) and (3) and assumes that her unsubstantiated allegations about BMW AG's contacts with Indiana satisfy the provisions of the statute and establish personal jurisdiction. Moreover, while Ms. Brown cites to *LinkAmerica*, 857 N.E.2d at

10

978, acknowledging that, regardless of state law, due process must be met before a court can exercise personal jurisdiction she makes no attempt to apply a due process analysis to this case.

Second, and even more compelling, Ms. Brown submitted little evidence to establish a *prima facie* case of personal jurisdiction over BMW AG. When the Court does not hold an evidentiary hearing to determine personal jurisdiction,[2] as is the case here, the plaintiff needs to make out a *prima facie* case of personal jurisdiction. See *Purdue*, 338 F.3d at 782. Accordingly, "[o]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 782-83. BMW AG provided a declaration from its legal counsel as evidence that no personal jurisdiction exists. Ms. Brown, in response, does not offer any relevant evidence that supports personal jurisdiction. Rather, Ms. Brown submits BMW AG's 2014 Annual Report and 2014 Financial Statement. These reports are insufficient to establish specific personal jurisdiction because the reports make absolutely no connection between BMW AG and Indiana. Within her response brief, Ms. Brown cites to several BMW websites to support her allegations, but again those websites also make no connection between BMW AG and Indiana. Moreover, Ms. Brown admits that she lacks information[3] to know how much BMW AG makes in revenue from Indiana, but rather she assumes that BMW AG must be connected to Indiana because it sells its vehicles to its North American distributor, BMW NA. However, she makes no evidentiary connection between the Indiana dealerships and BMW AG beyond these allegations. Therefore, Ms. Brown fails to satisfy her burden that personal jurisdiction exists over BMW AG.

---

[2] Neither party requested an evidentiary hearing on the instant motion.

[3] There is no record that Ms. Brown pursued jurisdictional discovery.

Moreover, notably absent from either party's initial brief is Seventh Circuit precedent that would have been helpful for the Court's review, particularly where stream of commerce is at the heart of the argument.[4] *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 947 (7th Cir. 1992) (finding that personal jurisdiction is met where the defendant has "the intent or purpose to serve the market in the forum State, which may be demonstrated by additional conduct of the defendant"); *Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660 (7th Cir. 1986) (finding personal jurisdiction exists over a Missouri fireworks manufacturer which sold fireworks that caused personal injury in Wisconsin, even though the manufacturer sold those fireworks to a Minnesota resident), cert. denied, 479 U.S. 1092 (1987); *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120 (7th Cir. 1983) (permitting Wisconsin courts to exercise personal jurisdiction over a Hong Kong flannel shirt manufacturer whose product caused personal injury in Wisconsin), cert. denied, 465 U.S. 1024 (1984). The sort of evidence presented in the foregoing cases is absent here.

Based on the foregoing analysis, the Court finds that Ms. Brown has not met her burden of making a *prima facie* showing that the Court has personal jurisdiction over BMW AG.

---

[4] The Court notes that in its reply, BMW AG cites to *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551 (7th Cir. 2004) and, in a footnote, to *O'Neal v. Bumbo Int'l. Trust*, 16 F.Supp.3d. 95 (S.D. Ind. 2014). BMW AG claims that *Bumbo* stands for the proposition that a foreign manufacturer subjects itself to personal jurisdiction by selling a product via a nationwide distributorship, and that the holding is contrary to law. [Filing No. 85 at 5-6.] BMW AG overstates the holding in *Bumbo*. In fact, *Bumbo* acknowledges that *Jennings* rejected such broad interpretation of stream of commerce. See *Bumbo*, 16 F.Supp.3d at 958. In *Jennings*, the plaintiff failed to establish that personal jurisdiction existed over the defendant because the plaintiff did not provide any evidence that the defendant's products were ever sold in the forum state. Conversely, *Bumbo* found that personal jurisdiction did exist because the plaintiff provided sufficient evidence to show that the defendant manufacturer *knew* that its product would wind up in Indiana, although it used a distributor to supply its product to different retailers throughout the United States. *Id.* at 960 (emphasis added).

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS** BMW AG's Motion to Dismiss for Lack of Personal Jurisdiction, [Filing No. 65], and **DISMISSES** Ms. Brown's claims against BMW AG **WITHOUT PREJUDICE** for lack of personal jurisdiction. No partial final judgment shall issue at this time.

Date: February 4, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas Patrick Branigan
BOWMAN & BROOKE LLP
thomas.branigan@bowmanandbrooke.com

Jeffrey T. Gorcyca
BOWMAN AND BROOKE, LLP
jeffrey.gorcyca@bowmanandbrooke.com

Zlatina Georgieva
BOWMAN and BROOKE LLP
tina.georgieva@bowmanandbrooke.com

David V. Scott, Sr.
DAVE SCOTT PLC
dave@davescottplc.com

Blake N. Shelby
FROST BROWN TODD LLC
bshelby@fbtlaw.com

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com

Chris Allan Moeller
KEN NUNN LAW OFFICE
chrism@kennunn.com

Jeffrey J. Shaw
KEN NUNN LAW OFFICE
jeffs@kennunn.com

Michael W. Phelps
KEN NUNN LAW OFFICE
mikep@kennunn.com

Dean J. Arnold
KEN NUNN LAW OFFICE
deana@kennunn.com