UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHA RUDDELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00931-JMS-DML |
| | ) | |
| BMW OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On September 29, 2012, Plaintiff Marsha R. Brown was driving her 2007 Mini Cooper on a highway when her vehicle went off the road, rolled into a ditch, and landed on its roof. As a result, Ms. Brown sustained a cervical fracture, which left her partially quadriplegic. Ms. Brown filed the underlying cause of action for negligence against Defendant BMW of North America, LLC ("BMW NA"). [Filing No. 42.] On March 30, 2017, the Court issued an Order granting BMW NA's Motion to Exclude All Evidence Related to Human Subject Rollover Demonstrations Conducted by Plaintiff's Counsel and Related Paper. [Filing No. 136.] Presently pending before the Court is Ms. Brown's Motion to Reconsider the Court's Ruling. [Filing No. 147.] The motion is now ripe of the Court's consideration.

## I.
### STANDARD

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. Appx. 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change

1

in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.*

## II.
### RELEVANT BACKGROUND

In 2008, Ms. Brown's counsel, David Scott, was the plaintiff's counsel for *Green v. Ford Motor Co.*, No. 1:08-CV-0163-LJM-TAB, 2010 WL 1726620, at *1 (S.D. Ind. 2010), an automotive products liability case. The plaintiff in *Green* was rendered quadriplegic after he struck the end of a guardrail and rolled down an embankment while driving his 1999 Ford Explorer Sport on the highway. *Id.* In preparation for that case, Mr. Scott personally participated in rollover demonstrations using a Ford Explorer with an alternative design in the restraint system to demonstrate that an alternative design could have avoided the plaintiff's injuries. *Id.* The district court in *Green* held that the evidence was inadmissible. *Id.* at *2.

Thereafter, Mr. Scott and several others co-authored a paper entitled "Rollover testing with volunteer live human subject" (the "Paper"), which was published in the International Journal of Crash Worthiness. [Filing No. 120-2.] The Paper provides a detailed analysis of the rollover demonstrations that Mr. Scott performed and includes visuals of those demonstrations. [Filing No. 120-2.] BMW NA filed a motion asking the Court to exclude evidence that relates to the demonstrations that Mr. Scott conducted in preparation for *Green* and the subsequent Paper detailing those demonstrations. [Filing No. 121 at 1-2.] On March 30, 2017, the Court issued an Order granting BMW NA's Motion. [Filing No. 136.] Ms. Brown has now filed a Motion to Reconsider the Court's Ruling. [Filing No. 147.]

# III.
# DISCUSSION

Ms. Brown asks the Court to reconsider its ruling to exclude evidence regarding the rollover demonstrations detailed in the Paper, or in the alternative, permission to reference the Paper and show a modified video from the rollover demonstrations. [Filing No. 136.] According to Ms. Brown, for the Paper to be admissible, there only needs to be a "'substantial similarity' between the test and the circumstances at issue." [Filing No. 147 at 2.] Ms. Brown argues that a properly designed belt system would have kept her from making injurious contact with the roof, and that the Paper discussed two methods utilized during testing that would limit the "slack" in the seat belt system in a rollover. [Filing No. 147 at 3.] In addition, she claims that the Paper also fulfills the criteria of "testing conducted to illustrate scientific principles." [Filing No. 147 at 4.] Lastly, Ms. Brown argues that "[s]howing [the] high speed video of only the camera viewing the seat and the seat belt latch is necessary to rebut testing conducted by BMW NA's experts. . . ." [Filing No. 147 at 5.]

In response, BMW NA argues that Ms. Brown provides no legal basis in support of her motion. [Filing No. 155 at 3.] BMW NA argues that Ms. Brown has failed to show any error of law or fact in the Court's Order, and has instead, "filed an additional brief rehashing previously raised and rejected arguments, and setting forth additional arguments that do not change the outcome and that could have been raised . . . in response to BMW NA's motion." [Filing No. 155 at 4.] BMW NA claims that even considering Ms. Brown's arguments, the Court found that Mr. Scott, who conducted the rollover demonstrations, is not an engineer or an expert in automotive safety. [Filing No. 155 at 5.] BMW NA contends that the rollover demonstrations are "unreliable, not scientifically valid, and were a case-specific attempt to recreate the accident" in *Green*. [Filing No. 155 at 5.] Lastly, BMW NA argues that the demonstrations and video do not demonstrate

3

principles of science or physics since Mr. Scott's intent was to show "the alleged efficacy of his alternative seatbelt and seat designs in a vehicle." [Filing No. 155 at 6.]

Ms. Brown did not file a reply brief.

The Court finds Ms. Brown's arguments unavailing. First, as BMW NA points out, Ms. Brown has failed to set forth the legal basis of her Motion to Reconsider the Court's Ruling. Second, Ms. Brown raises the same arguments that she raised in her response to BMW NA's Motion. She argues that the Paper is admissible because there are substantial similarities between the rollover demonstrations and her accident, and that the rollover demonstrations are based on scientific principles. In addition, Ms. Brown argues for the first time that if the Court finds the Paper to be inadmissible, she should be able to introduce a high speed video demonstrating the seat and the seat belt latch. A motion to reconsider should not "serve as the occasion to tender new legal theories for the first time." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories"). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996). The Court finds that Ms. Brown's motion is an improper attempt to take a second bite of the apple.

In any event, even considering Ms. Brown's arguments, the Court already found in its March 30, 2017 Order that the Paper detailing the rollover demonstrations is neither reliable nor relevant. [*See* Filing No. 136 at 4-10.] The Court found that in accordance with Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-95 (1993), Mr. Scott

was not a qualified expert[1] given that he was not an engineer and the Court was not aware of any knowledge, skill, experience, training, or education that would make him qualified in the field of automotive safety. Moreover, the Court noted that Mr. Scott's rollover demonstrations were not scientifically reliable because they do not fit under any *Daubert* category. Ms. Brown did not indicate whether the methodologies and principles from the demonstrations have been tested, subjected to peer review and publication, or generally accepted in the scientific community. Second, the Court determined that pursuant Federal Rules of Evidence 401 and 402, the evidence was not relevant, because the rollover demonstrations differed in many ways from Ms. Brown's case, among other things, they involved a different type of vehicle. The Court therefore denies Ms. Brown's motion.

## IV.
### CONCLUSION

For the reasons set forth above, the Court **DENIES** Ms. Brown's Motion to Reconsider the Court's Ruling. [Filing No. 147.]

Date: 8/10/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[1] To be considered an expert, "the witness must be qualified as an expert by knowledge, skill, experience, training, or education; the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (citing *Daubert* and Rule 702). In determining reliability, *Daubert* "sets forth the following non-exhaustive list of guideposts: (1) whether the scientific theory can be or has been tested; (2) whether the theory has been subjected to peer review and publication; or (3) whether the theory has been generally accepted in the scientific community." *Ervin*, 492 F.3d at 904 (citing *Daubert*, 509 U.S. at 593-94).

5