UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHA RUDDELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00931-JMS-DML |
| | ) | |
| BMW OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY**

This matter is before the Court on Defendant BMW of North America, LLC's ("BMW") Motion in Limine Number 2, [Filing No. 141 at 21-24], which the Court took under advisement at the final pretrial conference, [Filing No. 195 at 7]. This products liability matter involves allegations that BMW distributed a defectively designed Mini Cooper, which resulted in enhanced injuries to Plaintiff Marsha Brown when her Mini Cooper rolled over. BMW's Motion seeks to exclude evidence of post-sale design changes to the Mini Cooper. The Court has considered the parties' filings, [Filing No. 141 at 21-24; Filing No. 193 at 2-4], and heard argument during the final pretrial conference. The Court **GRANTS** BMW's Motion in Limine Number 2 to the extent set forth below.

In its Motion, BMW argues that the Court should exclude any evidence of post-sale design changes to the Mini Cooper because any such changes are irrelevant under the Indiana Product Liability Act ("IPLA"), Ind. Code § 34-20-4-1. BMW also argues that post-accident changes would constitute impermissible evidence of subsequent remedial measures under Federal Rule of Evidence 407.

In response, Ms. Brown argues that Rule 407 only excludes evidence of remedial measures which postdate her injuries, not the date of manufacture or sale. Ms. Brown also argues that subsequent remedial measure are always admissible to prove feasibility. Ms. Brown does not directly address BMW's argument that such evidence would be irrelevant under the IPLA.

The IPLA defines whether a product is in a "defective condition" by looking to its condition "at the time it is conveyed by the seller to another party." Ind. Code § 34-20-4-1. Rule 407, in turn, generally excludes evidence of "changes made after the occurrence that produced the damages giving rise to the action," Fed. R. Evid. 407 advisory committee's note (1997 Amendments); *Traylor v. Husqvarna Motor*, 988 F.2d 729 (7th Cir. 1993). Therefore, while remedial actions occurring post-sale but pre-accident fall outside the scope of Rule 407, only changes made prior to the initial sale of a product are substantially relevant to liability under IPLA. *Cf.* Fed. R. Evid. 403. Rule 407 does not exclude evidence of subsequent remedial measures to demonstrate the "feasibility of precautionary measures," if the issue of feasibility is disputed. Fed. R. Evid. 407. For feasibility to be disputed, the defendant must affirmatively place feasibility at issue. *E.g.*, *Wanke v. Lyn's Transp. Co.*, 836 F. Supp. 587, 595 (N.D. Ind. 1993) (noting that Rule 407 would permit evidence on feasibility once the defendant placed it at issue); Fed. R. Evid. 407 advisory committee's note (noting, under original proposed rule, that Rule 407 contemplates "automatic exclusion unless a genuine issue be present").

The IPLA requires Ms. Brown to prove that the Mini Cooper was defective at the time of its initial sale. Any post-sale improvements to the Mini Cooper are not substantially probative of whether the Mini Cooper was defective at the time of sale. The Court therefore **GRANTS** BMW's Motion in Limine Number 2. [Filing No. 141 at 21-24.] Except as explained below, Ms. Brown

may not introduce any evidence of changes made to the Mini Cooper after its initial sale in April 2007.

As Ms. Brown observes, Rule 407 expressly permits the admission of subsequent remedial measures if feasibility is disputed. Moreover, as Rule 407 suggests, such evidence is likely to be substantially more probative under Rule 403 if BMW disputes feasibility. At the final pretrial conference, counsel for BMW acknowledged that, at the time Ms. Brown's Mini Cooper was sold, at least one other manufacturer utilized the safety equipment that Ms. Brown contends should have been included in the Mini Cooper. Thus, it appears that BMW is not disputing feasibility at this time. However, "[u]nder the caselaw the feasibility inquiry encompasses a whole slew of interrelated components, including not only the question of the possibility of correction as such but also more nuanced considerations such as the 'economy, practicality and effectiveness' of such corrections." *Dewick v. Maytag Corp.*, 324 F. Supp. 2d 894, 903 (N.D. Ill. 2004). Therefore, should BMW place feasibility, including economic feasibility, in issue at any time, whether by argument, question, or testimony—either solicited or unsolicited—Ms. Brown's counsel may ask the Court for relief from this Order.

Date: 9/22/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**